**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Holdorf, Appellant,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Defendants,

Of Whom the South Carolina Department of Motor Vehicles is the Respondent.

Appellate Case No. 2012-213054

———————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————————

Unpublished Opinion No. 2013-UP-222
Heard May 6, 2013 – Filed May 22, 2013

———————————

**REVERSED**

———————————

Timothy Kirk Truslow, of T. Kirk Truslow, P.A., of North Myrtle Beach, for Appellant.

Linda Annette Grice, Philip S. Porter, and Frank L. Valenta, Jr., all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondent.

———————————

**PER CURIAM:**  In this appeal from the Administrative Law Court (ALC), Charles Holdorf challenges the suspension of his driver's license for failing to submit to a drug screening. Holdorf contends the ALC erred in determining the record contains substantial evidence to support a finding that reasonable suspicion existed to require him to submit to a drug test.  We reverse.

Pursuant to section 56-5-2950(A) of the South Carolina Code (Supp. 2012):

> A person who drives a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs or the combination of alcohol and drugs if arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol and drugs. . . . If the officer has reasonable suspicion that the person is under the influence of drugs other than alcohol, or is under the influence of a combination of alcohol and drugs, the officer may order that a urine sample be taken for testing.

Here, the record is devoid of evidence indicating Trooper Brigham had reasonable suspicion[1] to believe Holdorf was under the influence of drugs.  Initially, while Holdorf did fail two of the three impairment tests and was unable to complete a third, nothing in the record links his impairment specifically to drugs as required by subsection 56-5-2950(A).  *See* S.C. Code Ann. § 56-5-2950(A) (Supp. 2012) (requiring an arresting officer to have reasonable suspicion an operator of a motor vehicle is under the influence of drugs other than alcohol, or is under the influence of a combination of alcohol and drugs before requesting a urine test).  Further, although Trooper Brigham testified, based on his experience, that he believed drugs could be involved, he failed to explain what requisite articulable facts led him to believe Holdorf was under the influence of drugs or a combination of

---

[1] We find the ALC's notation that an officer must have "reasonable grounds" rather than "reasonable suspicion" to ask for a urine test to be a mere scrivener's error. Specifically, we make this finding in light of the ALC's acknowledgement that Holdorf was arguing the arresting officer lacked the "necessary reasonable suspicion that [Holdorf] was under the influence of drugs other than alcohol."

alcohol and drugs.   Based on the foregoing, we hold the ALC erred in finding the record contained substantial evidence to uphold Holdorf's license suspension.

**REVERSED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**